In re The MARRIAGE OF Larry James KALVIG and Debra Sue Kalvig

Upon the Petition of Larry James Kalvig, Appellee,

And Concerning Debra Sue Kalvig, Appellant.

No. 89–1463.

Court of Appeals of Iowa.

June 26, 1990.

Ann Fitzgibbons of Scalise, Scism, Sandre & Uhl, Des Moines, for appellant.

Eric Borseth, Pleasant Hill, for appellee.

Heard by OXBERGER, C.J., and DONIELSON and HABHAB, JJ.

DONIELSON, Judge.

Larry and Debra Kalvig were married in 1979. They had three children: Brandi was born in 1979; Jon in 1981; and Daniel in 1984. Larry and Debra separated in November 1985. Larry had custody of the three children until August 1987 when the district court entered a decree of dissolution awarding the parties joint legal custody of the children and primary physical care to Debra. Larry appealed. The court

of appeals awarded primary physical care to Larry.

Shortly after the children were returned to Larry's care pursuant to the decision of the Court of Appeals, Debra filed an application to modify the decree to change the children's primary physical care to her. Following a two-day trial, the district court found Debra had failed to show there had been a substantial change in circumstances to warrant a change in the children's primary physical care. Debra now appeals.

Debra contends three incidents constitute a material and substantial change in the circumstances to warrant a change in primary physical care: (1) Debra claims Larry's brother sexually abused Brandi and that Larry is not prepared to take sufficient precautionary measures to prevent such conduct from reoccurring; (2) Debra claims her sons have engaged in inappropriate "sexual-acting-out" behavior which she feels reflects a deleterious home environment; and (3) Larry's inflexibility has interfered with her relationship with their children.

Larry requests attorney fees on appeal as a form of sanction under Iowa Rule of Civil Procedure 80 for filing a harassing and frivolous appeal.

Our scope of review of this modification proceeding is de novo. *In re Marriage of Leyda*, 355 N.W.2d 862, 864 (Iowa 1984). The legal principles governing a modification proceeding are well established.

To change a custodial provision of a dissolution decree, the applying party must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change. The changed circumstances must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary. They must relate to the welfare of the children. A parent seeking to take custody from the other must prove an ability to minister more effectively to the children's well being. The heavy burden upon a party

seeking to modify custody stems from the principle that once custody of children has been fixed it should be disturbed only for the most cogent reasons. *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983).

After reviewing the record, this court finds that while Debra has raised legitimate and understandable concerns about the children's safety and behavior, we must conclude she has not met the heavy burden necessary to justify a modification of custody.

The record reveals Larry's brother engaged in a single incident of inappropriate touching with Brandi. As the trial court noted in its findings, as soon as Larry was informed about the incident he responded appropriately. He spoke with the case investigator assigned to the matter and he inquired as to the necessity of counseling for Brandi.

Larry took Brandi's allegation seriously and is prepared to prevent any further unsupervised contact between Brandi and his brother. We cannot find that this incident, in light of Larry's response, constitutes a substantial and material change in circumstances sufficient to change the children's physical care.

Debra argues Larry has not properly dealt with their son's inappropriate sexual behavior. This alleged behavior occurred in the presence of Debra's family and Larry was not informed of it until the modification proceeding.

The sexual-acting-out manifested by the boys has been limited to a few isolated incidents and does not reflect a continuing pattern of behavior. Debra attempts to attribute the boys' behavior to their home environment, however, the record does not support this. The testimony of the children's day care director and Jon's first grade teacher indicates the behavior of the boys is not necessarily atypical of young boys. These incidents do not rise to a level to warrant modification of the children's custodial care.

Finally, Debra claims Larry has interfered with her visitation with the children.

A parent's denial of the other parent's contact with their child is a significant factor in determining custody. Iowa Code section 598.41(1) (1989).

Debra specifically testified at trial that Larry adheres to the decree and allows her visitation as set forth in the decree. Her complaint regarding visitation centers on Larry's failure to extend her visitation beyond that allowed in the decree and his refusal to allow the children to visit with her when they are all present at the children's sporting events.

We cannot find that Larry has so interfered with Debra's visitation with her children that custody should be modified. Larry has complied with the decree and that is to be commended. The trial court encouraged him to consider allowing Debra additional visitation when he is out of town. We find this suggestion reasonable and Larry would be wise to consider implementing it when possible.

The evidence is controverted as to whether Debra and/or Larry intervene at athletic activities and attempt to restrict each other's communication with their children. Such behavior is immature and detrimental to the children. The presence of both of their parents at their sporting events can be encouraging and emotionally strengthening for the children, and this should not be spoiled by petty attempts to limit parental contact.

Larry seeks attorney fees pursuant to Iowa Rule of Civil Procedure 80. Without addressing whether rule 80 is applicable to the filing of an appeal, we simply note that Debra's claims in this case were legitimate and her appeal was not frivolous or without legal support.

AFFIRMED.